IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**  <br><br>VS.  <br><br>**ERIC DWAYNE WILLIAMS,**  <br><br>Defendant | NO. 7: 09-CR-19 (WLS)  <br><br>VIOLATION:  21 U.S.C. §841(a)(1), Etc. |

## ORDER OF DETENTION PENDING TRIAL

In accordance with the Bail Reform Act, 18 U.S.C. §3142(f), a DETENTION HEARING was this day held in the above-captioned case before the undersigned. Defendant ERIC DWAYNE WILLIAMS was represented by Mr. Bradley Miles Hannan of the Valdosta Bar; the United States was represented by Assistant U. S. Attorney Charles Calhoun. Based upon the evidence proffered to the court by counsel for the government and counsel for the defendant, as well as the contents of the Pretrial Services Report dated December 8, 2009, I conclude that the following facts require the detention of the defendant pending the trial of this case.

### PART I - FINDINGS OF FACT

☒ **(1)** There is PROBABLE CAUSE to believe that the defendant has committed an offense

  ☒ for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act.

  ☐ under 18 U.S.C. §924(c).

☒ **(2)** The defendant has not rebutted the presumption established by finding (1) that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

#### ALTERNATIVE FINDINGS

☐ **(1)** There is a serious risk that the defendant will not appear.

☒ **(2)** There is a serious risk that the defendant will endanger the safety of another person or the community.

### PART II - WRITTEN STATEMENT OF REASONS FOR DETENTION

Applying the factors set forth in 18 U.S.C. §3142(g), I find that the evidence proffered at the DETENTION HEARING, as supplemented by information contained in the aforementioned Pretrial Service Report, establishes by clear and convincing evidence that no condition or combination of conditions set forth in 18 U.S.C. §3142(c) will reasonably assure the safety of the community were defendant WILLIAMS to be released from custody. Although he has strong ties to the Middle District of Georgia, the offense charged against him is a serious one for which long-term incarceration can be expected in the event of a conviction or plea of guilty.  His estimated guideline range is 262 months to 327 months.  The weight of evidence is strong; some 449 grams of cocaine, 114 grams of marijuana, and scales were found in his residence at the time of his arrest. In addition, he has a history of some seventeen arrests over a nine year period which includes convictions for serious drug offenses as follows: VIOLATION OF THE GEORGIA CONTROLLED SUBSTANCES ACT, 6/2/03, Superior Court of Lanier County, Georgia;  VIOLATION OF THE GEORGIA CONTROLLED SUBSTANCES ACT, 12/1/03, Superior Court of Lanier County, Georgia; and, VIOLATION OF THE GEORGIA CONTROLLED SUBSTANCES ACT, 10/19/04, Superior Court of Lanier County, Georgia. Defendant WILLIAMS also has a history of arrests for violating conditions of probation on numerous occasions from 2003 to 2009.  The federal offense for which he is charged herein is alleged to have occurred while he was on probation.

**Because defendant WILLIAMS has demonstrated a propensity to violate serious drug offenses, as well as numerous misdemeanors, the undersigned finds that the government has established independent of the presumption of 18 U.S.C. §3142(e) that defendant WILLIAMS poses a danger to the community were he to be released from custody, mandating pretrial detention.  IT IS SO ORDERED AND DIRECTED.**

## PART III  -  DIRECTIONS REGARDING DETENTION

The defendant is hereby committed to the custody of the Attorney General of the United States or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

SO ORDERED, this 14th day of DECEMBER, 2009.

**CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE**